IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| WILLIAM WESLEY STYRON | * | |
| | * | |
| | * | |
| v. | * | Civil No.  JFM-12-2549 |
| | * | |
| NKOTBSB ENTERPRISES, LLC., ET AL. | * | |

**MEMORANDUM**

Plaintiff has instituted this action against NKOTBSB Enterprises, LLC, Live National LGTours (USA), LLC, Live Nation Worldwide, Inc., Crew One Productions, Inc., Hoops L.P. and various Doe defendants.  I previously entered an order granting a motion to dismiss filed by the Live Nation defendants and Hoops L.P., erroneously believing that the time for plaintiff to respond to the motion had expired.  Plaintiff has filed a motion to set aside that order.  That motion will be granted.  I will, however, now grant the motion to dismiss filed by the Live Nation defendants and Hoops L.P. and a motion for judgment on the pleadings filed by NKOTBSB Enterprises.  I will also enter an order dismissing this action without prejudice as to the other defendants pursuant to Fed. R. Civ. P. 4(m) because this action was instituted more than 120 days ago and the other defendants have not yet been served.

Plaintiff was severely injured when he was working on a stage to be erected in connection with a concert to be held at the FedEx Forum.  At the time plaintiff was employed by Crew One, Productions, Inc.  Crew One had the responsibility for installing and preparing the stage.  NKOTBSB Enterprises was the owner of the stage, and the Live Nation defendants and Hoops L.P. apparently were involved with the promotion of the concert.

2

     According to the allegations in the complaint, NKOTBSB Enterprises, the Live Nation defendants and Hoops L.P. supervised the work on the stage.  There are no specific facts pled, however, that support this conclusory averment.  To the contrary, it is clear from the allegations in the complaint that Crew One Productions, Inc., by whom plaintiff was employed, was responsible for keeping the workplace safe.  Accordingly, NKOTBSB, the Live Nation defendants and Hoops L.P. owed no duty to plaintiff that was breached when he was injured. *See Johnson v. EMPE*, *Inc.*, 837 S.W. 2d 62, 65 (Tenn. Ct. App. 1992).

     A separate order effecting the rulings made in this memorandum is being entered herewith.

Date:   November 16, 2012          <u>s/ J. Frederick Motz</u>
                                                J. Frederick Motz
                                                United States District Judge